IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRIT OF OHIO
EASTERN DIVISION

MAX J. PEOPLES, JR., :
:
    Plaintiff, :
:    2:10 cv 0860
v. :    JUDGE FROST
:    MAGISTRATE JUDGE DEAVERS
DATAFLO CORPORATION, :
:    Jury Demand Endorsed Hereon
    Defendant. :

## COMPLAINT FOR PATENT INFRINGEMENT

Now comes Plaintiff Max J. Peoples, Jr. ("Max Peoples"), by and through counsel, and, for his Complaint against Dataflo Corporation ("Dataflo"), hereby alleges and avers as follows:

### Nature of this Action

1. This is an action for patent infringement under the laws of the United States relating to patents, including, but not limited to, 35 U.S.C. § 271. This action is based on Defendant's making, using, selling, and offering to sell software and/or barcode scanners for reading pharmaceutical product barcodes and standardizing the National Drug Code ("NDC") numbers contained in the barcodes (collectively the "Accused Devices") to pharmacies and hospitals throughout the United States, including Ohio, and via the Internet.

### Parties

2. Plaintiff Max Peoples is an individual with his principal residence in Delaware County, Ohio.

3. Upon information and belief, Defendant Dataflo is a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business in Omaha, Nebraska, doing business as Dataflo Consulting.

## Jurisdiction and Venue

4. This is an action for patent infringement under Title 35 of the United States Code, 35 U.S.C. §§ 271 and 281.

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400. Upon information and belief, Defendant Dataflo has transacted business in this district, and has committed acts of patent infringement in this district, including via its website.

7. This Court has personal jurisdiction over Defendant Dataflo because, upon information and belief, Dataflo regularly engages in business and derives substantial revenue from goods and services sold and used in Ohio. Defendant's Accused Devices are distributed, sold and marketed to pharmacies and hospitals throughout the United States, including, upon information and belief, those located within this judicial district.

8. In addition, Defendant distributes, offers to sell, sells, and markets the Accused Devices via the Internet at its website, www.mydataflo.com, thereby placing the Accused Devices into the stream of commerce intending that the Accused Devices would be purchased by consumers with access to the Internet, including Ohio citizens residing in this judicial district.

## The Patents In Suit

9. United States Patent No. 6,098,892 ("the '892 Patent") entitled "Device for Conversion from a Pharmaceutical Identification Number to a Standardized Number and Method

for Doing the Same" was issued to Max Peoples on August 8, 2000. A copy of the '892 Patent is attached as Exhibit A.

10. Max Peoples is the owner of all right, title, and interest in and to the '892 Patent, including the right to sue for past, present, and future infringements of the '892 Patent, and to obtain the relief sought herein. The '892 Patent discloses and claims a method for converting bar code indicia into a common output format having a standardized string of a fixed length of characters by reading the bar code indicia with a scanner; converting the bar code indicia into an input string; and manipulating the input string into the common output format, e.g. NDC numbers. The '892 Patent was duly and legally issued and is currently valid and enforceable.

11. United States Patent No. 6,260,761 ("the '761 Patent") entitled "System and Method for Accurately Dispensing Prescriptions in a Pharmacy" was issued to Max Peoples on July 17, 2001. A copy of the '761 Patent is attached as Exhibit B.

12. Max Peoples is the owner of all right, title, and interest in and to the '761 Patent, including the right to sue for past, present, and future infringements of the '761 Patent, and to obtain the relief sought herein. The '761 Patent discloses and claims a system for accurately dispensing prescriptions, including a processing unit; a reader operably interconnected to the processing unit; and a converter operably interconnected to at least one of the processing unit and the reader for converting at least one of a manufacturer and a product indicia on the pharmaceutical product source container into an NDC number. The '761 Patent was duly and legally issued and is currently valid and enforceable.

### Defendant's Wrongful Acts

13. Defendant's Accused Devices embody one or more claims of the '892 Patent and/or the '761 Patent. Attached hereto as Exhibit C is an informational brochure from

Defendant's web site describing Defendant's MediParse software and its algorithm for converting pharmaceutical manufacturer's barcodes into a standard 11 digit NDC number.

14. Upon information and belief, Defendant knowingly and willfully embarked on a course of patent infringement by making, manufacturing, using, selling, and/or offering for sale the Accused Devices in Ohio and elsewhere.

## Count I

### Infringement of Patent No. 6,098,892

15. Plaintiff Max Peoples reasserts all of the allegations set forth above in paragraphs 1-14 as if fully rewritten here.

16. Upon information and belief, Defendant had knowledge of the '892 Patent before the filing of this Complaint.

17. Upon information and belief, Defendant had notice of its infringement of the '892 Patent before the filing of the Complaint.

18. Dataflo has infringed and continues to infringe; has induced and continues to induce others to infringe; and/or has committed and continues to commit acts of contributory infringement of, one or more of the claims of the '892 Patent. Dataflo's infringing activities in the United States and this District include development, manufacture, use, sale, and/or offer for sale of the Accused Devices within the United States. Such infringing activities violate 35 U.S.C. § 271.

19. Upon information and belief, the infringement of the '892 Patent by Defendant has been deliberate and willful.

20. Upon information and belief, infringement of the '892 Patent by Defendant is ongoing and will continue unless Defendant is enjoined from further infringement by the Court.

21. As a result of Defendant's infringement, Plaintiffs are entitled to injunctive relief, damages, costs, interest and attorneys' fees pursuant to 35 U.S.C. §§ 283, 284 and 285.

## Count II

### Infringement of Patent No. 6,260,761

22. Plaintiff Max Peoples reasserts all of the allegations set forth above in paragraphs 1-21 as if fully rewritten here.

23. Upon information and belief, Defendant had knowledge of the '761 Patent before the filing of this Complaint.

24. Upon information and belief, Defendant had notice of its infringement of the '761 Patent before the filing of the Complaint.

25. Dataflo has infringed and continues to infringe; has induced and continues to induce others to infringe; and/or has committed and continues to commit acts of contributory infringement of, one or more of the claims of the '761 Patent. Dataflo's infringing activities in the United States and this District include development, manufacture, use, sale, and/or offer for sale of the Accused Devices within the United States. Such infringing activities violate 35 U.S.C. § 271.

26. Upon information and belief, the infringement of the '761 Patent by Defendant has been deliberate and willful.

27. Upon information and belief, infringement of the '761 Patent by Defendant is ongoing and will continue unless Defendant is enjoined from further infringement by the Court.

28. As a result of Defendant's infringement, Plaintiffs are entitled to injunctive relief, damages, costs, interest and attorneys' fees pursuant to 35 U.S.C. §§ 283, 284 and 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Max Peoples respectfully requests that this Court enter a judgment in Plaintiff's favor against Defendant Dataflo as follows:

(a) That Defendant Dataflo has infringed U.S. Patent No. 6,098,892 and that such infringement was willful;

(b) That Defendant Dataflo, its officers, agents, servants, employees, attorneys, and all persons acting in concert or participation with the Defendant, be preliminarily and permanently enjoined and restrained from directly or indirectly making, causing to be made, offering for sale, selling, causing to be sold, contracting to supply, using or causing to be used, any products that embody the inventions claimed in U.S. Patent No. 6,098,892, or from infringing, contributing to the infringement, inducing the infringement, or violating said patent in any way whatsoever.

(c) That Plaintiff Max Peoples be awarded actual damages as a result of Defendant Dataflo's pattern of infringement of U.S. Patent No. 6,098,892, including Defendant Dataflo's profits derived from its infringement as this Court deems just and equitable;

(d) That Plaintiff Max Peoples recover his costs and fees, including his reasonable attorney's fees, incurred in prosecuting this action against Defendant Dataflo as well as any other relief that this Court finds appropriate;

(e) That Defendant Dataflo has infringed U.S. Patent No. 6,260,761 and that such infringement was willful;

(f) That Defendant Dataflo, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with the Defendant, be preliminarily and permanently enjoined and restrained from directly or indirectly making, causing to be made, offering for sale, selling, causing to be sold, contracting to supply, using or causing to be used, any products that embody the inventions claimed in U.S. Patent No. 6,260,761, or from infringing, contributing to the infringement, inducing the infringement, or violating said patent in any way whatsoever.

(g) That Plaintiff Max Peoples be awarded actual damages as a result of Defendant Dataflo's pattern of infringement of U.S. Patent No. 6,260,761, including Defendant Dataflo's profits derived from its infringement as this Court deems just and equitable;

(h) That Plaintiff Max Peoples recover his costs and fees, including his reasonable attorney's fees, incurred in prosecuting this action against Defendant Dataflo as well as any other relief that this Court finds appropriate.

Respectfully submitted,

*Edward A. Matto*

Edward A. Matto (OH Bar No. 0025510)
Trial Attorney for Plaintiff Max J. Peoples, Jr.
STEPTOE & JOHNSON, PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, OH 43215
Telephone: 614-458-9889
Facsimile: 614-221-0952
E-mail: ed.matto@steptoe-johnson.com

Katerina E. Milenkovski (OH Bar No. 0063314)
STEPTOE & JOHNSON PLLC
Huntington Center, Suite 2200
41 South High Street
Columbus, OH 43215
Telephone: 614-458-9792
Facsimile: 614-221-0952
Email: kathy.milenkovski@steptoe-johnson.com

OF COUNSEL:
Michael T. Smith (WV Bar No. 8701)
STEPTOE & JOHNSON PLLC
1250 Edwin Miller Boulevard, Suite 300
P.O. Box 2629
Martinsburg, West Virginia 25402
Telephone: 304-262-3516
Facsimile: 304-262-3541
E-mail: mike.smith@steptoe-johnson.com

## JURY DEMAND

Plaintiff Max Peoples hereby requests a trial by jury of eight (8) for all issues so triable.

_Edward A. Matto_
Edward A. Matto

5513388v3